IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHEILA M. FERRANTI, Administratrix   :
of the Estate of Christie Lynn Green,   :
Deceased,   :    No. 4:06-CV-1801
  :
          Plaintiff,   :    (Judge Jones)
  :
          v.   :    (Magistrate Judge Blewitt)
  :
DAIMLER CHRYSLER CORP.,   :
  :
          Defendant.   :

## ORDER

## December 28, 2006

## THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Pending before this Court is a Motion to Remand to State Court ("the

Motion"), filed by Plaintiff Sheila M. Ferranti ("Plaintiff" or "Ferranti") on October

13, 2006. (Rec. Doc. 3). On November 13, 2006, the United States Magistrate

Judge Thomas M. Blewitt issued a report recommending that Plaintiff's Motion be

denied. (Rec. Doc. 6). For the reasons that follow, we will adopt Magistrate Judge

Blewitt's report in its entirety.

## FACTUAL BACKGROUND/PROCEDURAL HISTORY:

On July 31, 2006, Plaintiff commenced this action by filing a Writ of

Summons in the Court of Common Pleas of Monroe County ("state court").  (Rec. Doc. 1-1 at 1, 6).  On September 14, 2006, Defendant Daimler Chrysler Corporation ("Defendant" or "Daimler") removed the action to this Court on the basis of diversity jurisdiction, pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(a).[1] (Red. Doc. 1-1 at 2).

On October 13, 2006, Plaintiff filed a Motion to Remand to State Court. (Rec. Doc. 3).  On November 13, 2006, the Magistrate Judge issued a report recommending that Plaintiff's Motion be denied as Defendant is not a Pennsylvania citizen and subject matter jurisdiction exists.  (Rec. Doc. 6).

Objections to Magistrate Judge Blewitt's Report were due on November 28, 2006, and to this date none have been filed.  This matter is ripe for disposition.

**<u>STANDARD OF REVIEW</u>:**

When no objections are made to a magistrate's report, the district court is not statutorily required to review a magistrate judge's report before accepting it. <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140, 149 (1985).  According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report."  <u>Henderson v. Carlson</u>, 812 F.2d 874, 878 (3d Cir.

---

[1] This case has been assigned to Magistrate Judge Thomas M. Blewitt for pre-trial purposes.

1987).  When a district court accepts a magistrate judge's report, the report becomes the judgment of the court.  Id.

**DISCUSSION:**

Our review of this case confirms the Magistrate Judge's determinations and although we have not been presented with any reason to revisit them, we will briefly reiterate the salient aspects of the Magistrate Judge's report and recommendation.

As the Magistrate Judge explains, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) Citizens of different States . . . ."  28 U.S.C. § 1332(a).  Moreover, actions begun in a state court "may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action in pending."  28 U.S.C. § 1441(a).  However, such removal is limited to those cases in which "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b).

Plaintiff argues that the instant matter should be remanded to state court for two reasons.  First, Plaintiff argues that this action should not have been removed because Defendant checked a box on the Civil Cover Sheet indicating that it is

3

incorporated, or has its principal place of business, in Pennsylvania, and thus, is a Pennsylvania citizen.[2]  (Rec. Docs. 3-1, ¶ 6; 3-5).  However, Plaintiff cites no authority for the proposition that such a procedural mistake by Defendant actually renders it a Pennsylvania citizen or waives its right to removal on the basis of diversity jurisdiction.  Second, Plaintiff argues that because the Court of Common Pleas of Monroe County has personal jurisdiction over Defendant, the case should be remanded.

After a careful review of the record and in spite of our recognition that Defendant "bears the burden of proving that jurisdiction exists," Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990), we agree with the Magistrate Judge's conclusion that this Court has subject matter jurisdiction over the instant matter.  As the Magistrate Judge noted, in James v. Elec. Data Systems Corp., 1998 WL 404817, at *2 (E.D. Pa. 1998), a case we find persuasive, albeit not binding, the court stated:

> In order to remove a case from state court to the district court, federal jurisdictional requirements must be met.  Medlin v. Boeing Vertol Co., 620 F.2d 957, 960 (3d Cir. 1980).  It is the responsibility of the district court to inquire, sua sponte, into the question of subject matter jurisdiction.  Id.  The

---

[2] We note that our interpretation of Plaintiff's first argument, and thus, our rationale, may differ slightly from that of the Magistrate Judge.  We construe Plaintiff's first argument as stated above, and the Magistrate Judge construed it as grounded in a lack of complete diversity.  As will be discussed below, both arguments fail.

district court has removal jurisdiction where there is diversity of citizenship among the parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of costs and interests . . . .

James, 1998 WL 404817, at *2.  Both Defendant's Notice of Removal and Plaintiff's Complaint acknowledge that Plaintiff is a citizen of Pennsylvania and Defendant is a Delaware corporation with its principal place of business in Michigan.[3]  (Rec. Docs. 1-1, ¶¶ 5-6; 3-6, ¶¶ 1-2).  Defendant's checking of a box on the Civil Cover Sheet indicating that it is incorporated, or has its principal place of business, in Pennsylvania is factually inaccurate and does not change its citizenship.  Accordingly, we hold that Defendant is not a citizen of Pennsylvania, complete diversity between the parties exists, and we have subject matter jurisdiction over the instant action.

Further, we find Plaintiff's arguments to the contrary unavailing.  First, we have found no authority to support the proposition that Defendant's checking of the incorrect box on the Civil Cover Sheet waived its right to removal.  Rather, the authority on waiver that we found involved cases in which a defendant waived the right to removal by affirmatively taking action in the state court or by signing a contract that contained a forum selection clause.  See, e.g., Marine Midland Bank v.

---

[3] It appears undisputed that in this action, which includes a wrongful death claim, Plaintiff seeks damages in excess of $75,000.  (See Rec. Doc. 5-1, ¶¶ 14, 18).

Bravo, 2000 U.S. Dist. LEXIS 1342, at *4 (E.D. Pa. 2000) (noting that "'even a

defendant who petitions timely may have waived its right to removal by proceeding

to defend the action in state court or otherwise invoking the processes of that

court'" (quoting Brown v. Demco, Inc., 792 F.2d 478, 481 (5th Cir. 1986))). See

also Sood v. Advanced Computer Techniques Corp., 308 F. Supp. 239, 242 (E.D.

Va. 1969) (noting that the filing of an optional counterclaim in Virginia court waived

right to removal); American Soda, LLP v. U.S. Filter Wastewater Group, Inc., 428

F.3d 921, 926 (10th Cir. 2005) (holding that a forum selection clause invoking the

"Courts of the State of Colorado" limited any suits arising out of the contract to

state court).  Thus, we hold that Defendant's checking of an incorrect box on the

Civil Cover Sheet did not waive its right to removal because it did not alter

Defendant's citizenship, which remains outside of Pennsylvania.  Second, because

it is well-established that "existence of concurrent state and federal jurisdiction does

not operate to defeat a defendant's right to removal to federal court," the fact that

this case could have proceeded in state court does not prevent our exercise of

jurisdiction over it.  DiAntonio v. Pennsylvania State Univ., 455 F. Supp. 510, 512

(M.D. Pa. 1978) (citation omitted).

Because we agree with Magistrate Judge Blewitt's conclusion that this Court

has subject matter jurisdiction over this action and, because no objections have

been filed, we will adopt the report as our own.  The case <u>sub judice</u> will be

remanded to Magistrate Judge Blewitt for further proceedings.

**NOW, THEREFORE, IT IS ORDERED THAT**:

1.    Magistrate Judge Blewitt's Report and Recommendation (doc. 6) is

adopted in its entirety.

2.    Plaintiff's Motion to Remand to State Court (doc. 3) is **DENIED**.

3.    The Clerk shall remand this case to Magistrate Judge Blewitt for

further proceedings.

<u>s/ John E. Jones III</u>
John E. Jones III
United States District Judge